UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DS PARENT, INC.; and
DAVIS-STANDARD, LLC

       Plaintiffs,

 -against-           5:13-CV-1489 (LEK/DEP)

DONALD TEICH; and SAM NORTH
AMERICA, LLC,

       Defendants.

**DECISION and ORDER**

In this action to enforce restrictive covenants, Plaintiffs DS Parent, Inc. ("DS") and Davis-Standard, LLC ("Davis") sought and received a temporary restraining order that enjoined Defendant Donald Teich ("Teich") from: (1) rendering services to his current employer, Defendant Sam North America, LLC ("SAM"), or other Davis competitors; (2) soliciting or hiring Davis employees; and (3) soliciting Davis customers. Dkt. No. 18 ("TRO") at 3-4. Teich and SAM were also enjoined from making use of Davis's trade secrets. Id. However, Plaintiffs were not ordered to post any security. See generally id.

Federal Rule of Civil Procedure 65(c) provides that a temporary restraining order may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If the covenants are unenforceable, Teich will have been "wrongfully enjoined" from employment with SAM and will have suffered, at a minimum, damages in the form of lost wages. See IDG USA, LLC v. Schupp, No. 10-CV-76S, 2010 WL 3749068, at *3 (W.D.N.Y. Sept. 20, 2010). Although Teich has provided no information regarding his SAM salary, see generally Dkt Nos. 21; 21-1, the

Court, based on information Teich has provided regarding proposed and preliminarily approved spending on employees in his Davis division, see Dkt. No. 21 ¶ 48, deems a bond of $45,000 sufficient to cover this potential loss. See Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir. 1997) ("Rule 65(c) gives the district court wide discretion to set the amount of a bond.").

Teich has not pointed to potential damages he will suffer from the other injunctive provisions, and the Court can readily discern no non-speculative damages.[1] See generally Dkt. Nos. 21; 21-1; see also Interlink Int'l Fin. Servs., Inc., 145 F. Supp. 2d 312, 316 (S.D.N.Y.2001) (declining to require security when the "assumed item of damages can only be described as speculative and conjectural"). Nor can the Court discern any likelihood that the provision enjoining Teich and SAM from using or divulging Davis's trade secrets will be deemed wrongful. Therefore, no bond is required with respect to these provisions. See Doctor's Assocs., 107 F.3d at 136 ("Rule 65(c) gives the district court wide discretion to . . . dispense with the bond requirement where there has been no proof of likelihood of harm.").

Accordingly, it is hereby:

**ORDERED**, that the provision (¶ (a) of page 3) of the TRO (Dkt. No. 18) enjoining Teich from working for or rendering services to SAM or other employers engaged in certain enumerated pursuits, is **WITHDRAWN**; and it is further

**ORDERED**, that, upon Plaintiffs' posting of a **$45,000** security in accordance with Local Rule 65.1.1 and service of notice on Teich that such security has been posted, the provision (¶ (a) of page 3) of the TRO (Dkt. No. 18) enjoining Teich from working for or rendering services to SAM

---

[1] SAM could likely point to non-speculative damages it might suffer as a result of the provisions enjoining Teich from soliciting Davis's customers or clients. But Rule 65(c) provides only for damages suffered by the "enjoined or restrained" party.

or other employers engaged in certain enumerated pursuits shall be **REINSTATED** without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	January 17, 2014
	Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge